# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jay Anthony Richitelli, | No. CV-15-00410-TUC-RM (BPV) |
| Petitioner, | **REPORT & RECOMMENDATION** |
| v. | |
| John T Shartle, et al., | |
| Respondents. | |

Pending before the Court is Petitioner's Amended Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody (Doc. 16). Respondent has filed a Return and Answer (Doc. 20), and Petitioner has filed a Reply (Doc. 26).

Pursuant to the Rules of Practice of this Court, this matter was referred to the undersigned Magistrate Judge for a Report and Recommendation. For the following reasons, the Magistrate Judge recommends that the District Court transfer this action to the United States District Court for the Eastern District of Texas.

**I. FACTUAL & PROCEDURAL BACKGROUND**

Petitioner is an inmate currently incarcerated at the Federal Detention Center in Oakdale, Louisiana. (Answer at 2 (citing Answer, Exh. A); *see also* Reply). Petitioner is

serving a life sentence for Conspiracy to Commit a Hobbs Act Robbery and Attempted Hobbs Act Robbery. (Answer at 2 (citing Answer, Exh. A, Att. 2)). Additionally, Petitioner has also been sentenced to a concurrent 240-month sentence for Conspiracy to Use a Firearm during the Commission of a Crime of Violence, a concurrent 180-month sentence for Use of a Firearm during the Commission of a Crime of Violence, and a consecutive 60-month sentence for Possession of a Firearm by a Convicted Felon. (*Id.*). With his Amended Petition, Petitioner challenges "the Federal Bureau of Prisons disciplinary hearings that resulted in actual potential delays to his release…." (Amended Petition at 4).

Petitioner has been designated to a number of Bureau of Prisons facilities during the service of his current sentence. (*See* Answer at 2 (citing Answer, Exh. A, Att. 3 at 1-4)). The record reflects that prior to initiation of the instant action, Petitioner was transferred to the United States Penitentiary at Tucson, Arizona, pursuant to a federal writ. (Answer at 2 (citing Answer, Exh. A, Att. 1 at 1-2)). However, when Petitioner filed the initial petition, he was incarcerated at the USP in Florence, Colorado. (Petition (Doc. 1); Answer at 3 (citing Exh. A, Att. 3 at 1); Answer, Exh. A at ¶ 6; January 15, 2016 Initial Screening Order at 1 (Doc. 6)). In his original petition, Petitioner named as respondent Warden John T. Shartle, who is the Warden at USP-Tucson. (*See* Petition at 1; Initial Screening Order at 2-3; Answer at 3). The Court denied the Petition with leave to amend because Petitioner did not use the court-approved form petition. (Initial Screening Order at 2-4). The Court also pointed out that:

> [i]n addition to failing to use the court-approved form petition, Petitioner also failed to name a proper respondent. "Where a prisoner files an action under section 2241, 'the prisoner must name the warden of the penitentiary where he is confined as a respondent.'" *Johnson v. Reilly,* 349 F.3d 1149, 1153 (9th Cir. 2003) (quoting *Allen v. Oregon,* 153 F.3d 1046, 1050 (9th Cir. 1998)). "'Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction.'" *Id.* (quoting *Stanley v. California Sup. Ct.,* 21 F.3d 359, 360 (9th Cir. 1994)).

(*Id.* at 2-3). Petitioner was granted leave to file an amended petition on the court-approved form and he was advised that he "should name a proper respondent, as

discussed above." (*Id.* at 3; *see also id.* ("Petitioner must submit the amended petition on the court-approved form, name the federal officer having custody of him as a respondent, allege a violation of his constitutional rights, and sign the amended petition under penalty of perjury.")).

By the time Petitioner filed his Amended Petition, he had been designated to the USP at Beaumont, Texas. (Answer, at 2; Answer, Exh. A at ¶6; *see also* Amended Petition at 1). In compliance with the Court's directive in its initial screening order, Petitioner named as the respondent, Warden Frank Lara, who was Petitioner's "immediate custodian" when Petitioner filed the Amended Petition. (Answer at 3). In screening the Amended Petition, the Court called for an answer. (June 17, 2016 Screening Order (Doc. 17)). By the time the Court's Screening Order reached Petitioner, he had already been designated to FCI Oakdale II in Louisiana. (*See* Doc. 21 (Screening Order returned to the Court indicating Oakdale address); Petitioner's July 20, 2016 Notice of Change of Address (Doc. 22); August 9, 2016 Order (Doc. 24) (directing Clerk to send the June 17, 2016 Screening Order and Respondent's Answer, in addition to other documents, to Petitioner at FCI Oakdale); Answer at 2).

**Discussion**

Respondent seeks dismissal of the instant action for lack of jurisdiction. Alternatively, Respondent requests that the Court transfer the action to the district of Petitioner's confinement. Petitioner asserts that this Court has jurisdiction to decide his action, but does not provide a basis as to why that is so. (*See* Reply).

Under 28 U.S.C. § 2241, district courts are "limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld v. Padilla,* 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. § 2241(a)). A writ of habeas corpus operates not upon the prisoner, but upon the prisoner's custodian. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494–495 (1973). Therefore, as the Court previously explained to Petitioner in the Initial Screening Order, a petitioner filing a petition for writ of habeas corpus under § 2241 "must name the warden of the penitentiary where he is confined as a respondent."

*Johnson,* 349 F.3d at 1153. *See also Padilla,* 542 U.S. at 434, 446-47 ("In challenges to present physical confinement, we reaffirm that the immediate custodian…is the proper respondent."). Additionally, to issue the writ, "[t]he court…must have personal jurisdiction over the custodian." *Malone v. Calderon,* 165 F.3d 1234, 1237 (9th Cir. 1999) (citing *Braden,* 410 U.S. at 495; *Subias v. Meese*, 835 F.2d 1288, 1289 (9th Cir.1987)). "Without such jurisdiction, the court has no authority to direct the actions of the restraining authority." *Id.* (citing *Subias*, 835 F.2d at 1289). It is sufficient if the custodian is in the territorial jurisdiction of the court at the time the petition is filed, and once jurisdiction has been properly established, transfer of the petitioner thereafter does not defeat personal jurisdiction. *See Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990). *See also Padilla,* 542 U.S. at 441 ("when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release."). Thus, Respondent is correct that Warden Lara's "absence from the territorial jurisdiction of this Court 'is fatal to habeas jurisdiction.'" (Answer at 4 (quoting *Padilla,* 542 U.S. at 445)).

Respondent requests that the Court enter dismissal for lack of jurisdiction over the respondent or, alternatively, to transfer the matter. "Under a provision of the Federal Courts Improvement Act, 28 U.S.C. § 1631[1], if a court finds that there is a want of jurisdiction, the court shall transfer the action to any other such court in which the action could have been brought, 'if it is in the interest of justice.'" *Miller v. Hambrick,* 905 F.2d 259, 262 (9th Cir. 1990) (applying §1631 to *sua sponte* transfer §2241 proceeding). The

---

[1] Title 28 U.S.C. § 1631 states:

Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

statute "serves to 'aid litigants who were confused about the proper forum for review.'" *Id.* (quoting *In re McCauley,* 814 F.2d 1350, 1351-52 (9th Cir. 1987)). The Ninth Circuit has observed that "[n]ormally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time-consuming and justice-defeating." *Id.* (internal quotation marks and citation omitted). Consequently, the Ninth Circuit "ha[s] rarely found that transfer would not serve the interest of justice." *Amity Rubberized Pen Co. v. Market Quest Group, Inc.,* 793 F.3d 991, 996 (9th Cir. 2015) (citing instances of bad faith or frivolous claims as factors militating against transfer, and rejecting out-of-circuit decisions requiring the transferring court to "'peek at the merits' of the underlying action to determine whether a particular case is meritorious enough to justify transfer.")

"Transfer is appropriate under § 1631 if three conditions are met: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice." *Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070, 1074 (9th Cir. 2001) (citation omitted). Where the requirements for transfer are met, the district court's failure to exercise discretion to transfer *sua sponte* "constitutes an abuse of discretion." *Miller,* 905 F.2d at 262 (stating that no motion to transfer is necessary) (citation omitted). Petitioner's case satisfies all three requirements for transfer. This Court lacks jurisdiction to entertain Petitioner's habeas action. The District Court for the Eastern District of Texas has jurisdiction under 28 U.S.C. § 2241 to consider Petitioner's Amended Petition given that Warden Lara was the proper respondent at the time the Amended Petition was filed with this Court. Transfer in this case would serve the interest of justice by preventing any further unnecessary delay caused by requiring Petitioner to re-file. Transfer to the District Court for the Eastern District of Texas is appropriate even though Petitioner is no longer incarcerated at that District because, when Petitioner filed his Amended Petition, his action "could have been brought" in that court. *See* 28 U.S.C. § 1631. *Cf. Padilla,*

542 U.S. at 441 (subsequent transfer does not defeat jurisdiction).

**Recommendation**

For the foregoing reasons, the Magistrate Judge recommends that the District Court enter an order transferring this action to the U.S. District Court for the Eastern District of Texas.

Pursuant to 28 U.S.C. §636(b) and Rule 72(b)(2) of the Federal Rules of Civil Procedure and LRCiv 7.2(e), Rules of Practice of the U.S. District Court for the District of Arizona, any party may serve and file written objections within **FOURTEEN (14) DAYS** after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within **FOURTEEN (14) DAYS** after being served with a copy. Fed.R.Civ.P. 72(b)(2). No replies to objections shall be filed unless leave is granted from the District Court to do so. If objections are filed, the parties should use the following case number: **CV 15-00410-TUC-RM**.

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may be deemed a waiver of the party's right to review.

The Clerk of Court is directed to send a copy of this Report and Recommendation to the parties.

Dated this 3rd day of November, 2017.

_____
Bernardo P. Velasco
United States Magistrate Judge